UNITED STATES, Appellee,

v.

Private E-1 Michael J. KELLNER, SSN 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, United States Army, Appellant.

SPCM 18105.

U.S. Army Court of Military Review.

28 April 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Major Patrick F. Crew, JAGC, and Captain Barbara Lederer, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

OPINION OF THE COURT

COKER, Judge:

Appellant pleaded guilty to an unauthorized absence (AWOL) of twenty days, willful disobedience of his superior commissioned officer, and escape from correctional custody in violation of Articles 86, 90 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890 and 934 (1976). The trial judge sitting as a special court-martial found him guilty and sentenced him to a bad-conduct discharge, forfeiture of $367.00 pay per month for six months, and reduction to Private E-1. The convening authority reduced the period of forfeitures to three months and approved the remainder of the sentence.

The primary issue before this Court is whether the plea of the appellant to the charge of escape from correctional custody was properly accepted by the trial judge. The appellant further alleges that the escape and AWOL were multiplicious for sentencing and that the forfeitures were excessive. We affirm.

## I

The guilty-plea inquiry established that the appellant had been placed in correctional custody by his battalion commander as punishment pursuant to Article 15, UCMJ, 10 U.S.C. § 815 (1976); that while in correctional custody the appellant had received a written order from the cadre at the facility that directed him to remain within certain specified limits of the facility; that the appellant knew the limits designated in the order and acknowledged his duty to obey the order; that the appellant rejected the moral restraint of the order by leaving the facility on 7 May 1982, before he had been released from the restraint by proper authority; and, that the conduct of the appellant was prejudicial to good order and discipline in the Armed Forces.

The offense of escape from correctional custody involves the casting-off of imposed physical restraint, paragraph 213$f$(13), Manual for Courts-Martial, United States, 1969 (Revised edition), and physical restraint is not present in this case. Nonetheless, the trial judge accepted Kellner's plea, finding that physical restraint "is no longer an element of the offense" of escape from correctional custody in view of Army regulations which mandate the use of moral, rather than physical, restraint in correctional custody facilities. This ruling was erroneous as an Army regulation cannot change the UCMJ or the Manual for Courts-Martial.

However, in setting forth the elements of the offense to which the appellant's plea of guilty was accepted, the trial judge correctly outlined the elements of the offense of breach of restraint during correctional custody, although he called it escape from correctional custody. Regardless of the title placed on the offense by the trial judge and counsel, the elements of breach of restraint during correctional custody were clearly expressed and the appellant judicially confessed to each element and provided a definite factual basis for a plea of guilty to that offense. *See United States v. Felty*, 12 M.J. 438 (C.M.A.1982).

## II

On leaving the correctional custody facility, the appellant returned to his unit and went to his barracks, changed clothes, visited another room, consumed at least two alcoholic drinks and a half-hour later departed his unit without authority. The appellant's departure from the correctional facility was not a departure from his unit or the unit location. The breach of restraint offense had been completed upon appellant's return to his unit. Appellant's subsequent departure later that day from his unit initiated a new and completely separate offense of AWOL. The two offenses were separate in time, continuity, and actions, and were not multiplicious for any reason.

The appellant specifically requested a discharge be adjudged by the court but that confinement be limited. The sentence was in accordance with appellant's request and the action of the convening authority granted further leniency. We find the approved sentence appropriate.

Only so much of the finding of guilty of Charge III and its Specification is affirmed as finds that the appellant did, at the time and place alleged, while duly undergoing the punishment of correctional custody, breach the restraint imposed thereunder by departing from the limits of the designated facility before being relieved of the restraint by proper authority. The remaining findings of guilty and the sentence are affirmed. However, that part of the convening authority's action that directs that the accused will be confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas, or elsewhere as competent authority may direct, is set aside.

Judge HANFT concurs.

Senior Judge CLAUSE absent.